# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10787
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES BRIAN RIVERS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-328-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

James Brian Rivers appeals his conviction for production of child pornography under 18 U.S.C. § 2251(a) and possession of prepubescent child pornography under 18 U.S.C. § 2252A(a)(5)(B). In the factual basis for his plea, he admitted that the child pornography was produced using materials that were "mailed, shipped, or transported in or affecting interstate or foreign commerce" and possessed on a cellular telephone that was produced using

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10787

materials that were "mailed, shipped, or transported in or affecting interstate or foreign commerce."

Rivers contends that § 2251(a) and § 2252A(a)(5)(B) should be construed as requiring the Government to prove that the materials used to produce or possess the child pornography were recently moved in interstate commerce or were moved in interstate commerce for the purpose of committing the offenses. Relying on the Supreme Court's decision in *Bond v. United States*, 134 S. Ct. 2077 (2014), he contends that a conviction in the absence of such proof impermissibly intrudes upon the police power of the States. Rivers argues that, as he did not admit such facts, the factual basis for his guilty plea was insufficient under Federal Rule of Criminal Procedure 11.

"Rule 11(b)(3) requires a district court taking a guilty plea to make certain that the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute to which he entered his plea." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (footnote omitted). As Rivers concedes, plain error review applies to his forfeited objection to the factual sufficiency of his plea. *See id.* To establish plain error, he must show a forfeited error that is clear or obvious that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We have held that the Commerce Clause authorizes Congress to prohibit local, intrastate possession and production of child pornography where the materials used in the production were moved in interstate commerce. *See United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 226-31 (5th Cir. 2000). As Rivers concedes, the district

court's finding of an adequate factual basis for his guilty plea was not a clear or obvious error in light of this caselaw. *See Puckett*, 556 U.S. at 135. He raises the issue to preserve it for further review.

Alternatively, Rivers asserts that *Dickson* and *Kallestad* were wrongly decided and that the Commerce Clause does not authorize Congress to impose federal criminal liability where the defendant's conduct is tenuously related to interstate commercial activity. He also argues, in the alternative, that plain error review should not apply to his forfeited objection to the factual basis. One panel of this court may not overrule the decision of another absent a superseding en banc or Supreme Court decision. *United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002). Accordingly, Rivers is correct that these issues are foreclosed.

The judgment of the district court is AFFIRMED. The Government's motions for summary affirmance and, alternatively, for an extension of time to file an appellate brief, are DENIED.